United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID A. KESSLER,

    Plaintiff,

    v.

J. MICHAEL BISHOP, et al.,

    Defendants.

_____/

No. C 08-5554 PJH

**ORDER DENYING MOTION TO DISMISS**

    Defendant's motion to dismiss the complaint came on for hearing before this court on November 17, 2010. Plaintiff David Kessler ("plaintiff" or "Kessler"), appeared through his counsel Thad Guyer. Defendants J. Michael Bishop ("Bishop"), Robert Dynes ("Dynes"), and Mark Yudof ("Yudof")(collectively "defendants"), appeared through their counsel, Michael Khan and Karen Jensen Petrulakis. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court DENIES defendant's motion to dismiss, for the reasons stated at the hearing, and summarized as follows.

    1.    Defendant's motion to dismiss plaintiff's section 1983 claim for failure to allege conduct protected by the First Amendment, is DENIED. Plaintiff's claim is premised upon allegations that defendants unlawfully retaliated against plaintiff after he exercised his First Amendment rights in bringing to the University's attention certain "financial discrepancies" related to statements about the revenue available to the Dean. See, e.g., Complaint, ¶¶ 30-55. Generally, the First Amendment shields a public employee if he speaks as a private citizen on a matter of public concern, although this rule does not apply when public employees make statements pursuant to their official duties. See, e.g.,

1   Huppert v. City of Pittsburg, 574 F.3d 696 (9th Cir. 2009); Rankin v. McPherson, 483 U.S.
2   378, 384 (1987).  In distinguishing between protectable and non-protectable speech, courts
3   seek to arrive at a balance between the interests of the [public employee], as a citizen, in
4   commenting upon matters of public concern and the interest of the State, as an employer,
5   in promoting the efficiency of the public services it performs through its employees."
6   Huppert v. City of Pittsburg, 574 F.3d 696, 702 (9th Cir. 2009); see also Eng v. Cooley, 552
7   F.3d 1062, 1070 (9th Cir.2009)(setting forth relevant "five-step" inquiry: (1) whether plaintiff
8   spoke on a matter of public concern; (2) whether plaintiff spoke as a private citizen; (3)
9   whether plaintiff's protected speech was a substantial factor in adverse employment action;
10  (4) whether state had adequate justification for treating the employee differently from
11  members of general public; and (5) whether state would have taken adverse employment
12  action absent the protected speech).

13         Here, plaintiff's allegations are sufficient to plausibly state a claim against
14  defendants for violation of his First Amendment rights.  Plaintiff has alleged that his
15  comments regarding the financial discrepancies on documents to which he had access and
16  reviewed were motivated by his personal investigation, and that his job duties did not
17  normally require plaintiff to oversee or review the University's financial accounting.  He has
18  further alleged that in reporting the existence of financial discrepancies and other issues,
19  he went outside of the normal chain of command to make such reports, and that plaintiff's
20  reports were sources of interest for media like the Los Angeles Times and the San
21  Francisco Chronicle.  On the whole, these allegations plausibly allege that plaintiff spoke on
22  financial issues as a private citizen on a matter of public concern, and thus that plaintiff
23  engaged in protected speech.  To the extent, moreover, that defendant objects that
24  plaintiff's speech was not in fact protected because made in connection with duties that fell
25  under plaintiff's job responsibilities, defendants attempt to advance these objections with
26  improper references to substantive exhibits that are outside the scope of plaintiff's
27  complaint, and not amenable to judicial notice.

The foregoing, combined with additional allegations that plaintiff's complaints to the Board of Regents and others caused concern on the part of University officials that directly led them to take adverse action against him – notwithstanding the lack of any poor performance reviews – that university officials would not have otherwise taken absent plaintiff's speech, are sufficient at the pleading stage to state a viable claim under § 1983, based on violation of plaintiff's First Amendment rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda County, 811 F.2d 1243, 1245 (9th Cir. 1987)(section 1983 plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under color of state law).

2. To the extent defendants alternatively assert that, even if a constitutional violation under section 1983 has been adequately alleged, qualified immunity nonetheless applies and warrants dismissal, defendants' arguments are unavailing. Qualified immunity is generally a factual question that is dependent upon the factual record created in the case. See, e.g., Sinaloa Lake Owners Ass'n v. City of Simi Valley, 70 F.3d 1095, 1099 (9th Cir. 1995); see also Marquez v. Gutierrez, 322 F.3d 689, 692-93 (9th Cir. 2003). This case is no different. Accordingly, and in view of the court's denial of the motion to dismiss on grounds that plaintiff's speech is unprotected as a matter of law, the court further DENIES defendants' motion to dismiss based on qualified immunity.

3. To the extent defendant argues that the doctrines of res judicata and/or collateral estoppel apply to bar plaintiff's action, the court is unpersuaded. Defendant contends that res judicata applies to bar plaintiff's section 1983 claims because the same facts and issues giving rise to this claim were already litigated and finally determined as part of his administrative grievance procedure. As a general matter, defendant is correct that federal courts may give preclusive effect to the findings of state administrative tribunals – including, as here, those undertaken by the University of California –  as a matter of federal common law, at least so long as the state proceeding satisfies certain fairness

1 requirements. See United States v. Utah Constr. & Mining Co., 384 U.S. 394, 422
2 (1966)(fairness requires that the administrative agency act in a judicial capacity; that the
3 agency resolved disputed issues of fact properly before it; and that the parties have an
4 adequate opportunity to litigate); Gallagher v. Frye, 631 F.2d 127, 128-29 (9th Cir.
5 1980)(prior state court judgments bar plaintiff from seeking relief on constitutional grounds
6 from the same defendant, for the same wrong, in federal court); Ishimatsu v. Regents of
7 Univ. of Cal., 266 Cal. App. 2d 854, 864 (1968).

8     Defendants' request for preclusive effect rests upon the assertion that, as mandated
9 by the case law applying res judicata to California cases, the same 'primary rights' are at
10 stake in both the present action, and the university's administrative grievance proceeding.
11 Although the claims asserted in both may be labeled differently, defendants contend that
12 plaintiff's factual allegations and the relief requested are the same, and that plaintiff had a
13 full and fair opportunity to be heard in the grievance proceedings conducted by the
14 university.

15     Two deficiencies, however, render defendants' arguments unavailing at this stage.
16 First, nowhere does plaintiff's complaint specifically allege the grievance proceedings upon
17 which defendants' argument rests, let alone does the complaint contain allegations that
18 allow the court to infer any facts relating to those prior grievance proceedings.  Second, on
19 a related note, defendants' arguments depend on the court's ability to take note of the
20 substance of plaintiff's grievance proceedings before the university – e.g., the contents of
21 plaintiff's allegations, and plaintiff's opportunity to put on evidence, witnesses, and
22 arguments.  See, e.g., Mot. Dismiss at 22:5-12; 22:22-23:14.  And while defendants
23 contend that the court may properly do so via judicial notice of the grievance proceedings,
24 this is not so.  Although the existence of a document may be judicially noticeable, the truth
25 of statements contained in the document and its proper interpretation are not subject to
26 judicial notice.  Thus, while the court may take notice of the fact of plaintiff's grievance
27 proceedings before the university, and the fact of the outcome, the court declines to take
28

4

judicial notice of grievance proceedings for the truth of any allegations or statements contained therein.

Without the substance of the prior grievance proceedings directly before it at this juncture, the court cannot properly determine the extent to which plaintiff's prior grievance proceedings should be granted preclusive effect. Accordingly, defendants' motion to dismiss on this ground is DENIED. Such denial is without prejudice, however, to defendants' ability to raise preclusion arguments at the summary judgment stage.

4. Finally, the court also rejects defendants' contention that Colorado River and/or Younger abstention principles justify a dismissal or stay of the instant action. Application of the Colorado River doctrine – which permits federal courts to stay or dismiss a federal action based on "the presence of a concurrent state proceeding" – is appropriate only under "extraordinary circumstances." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996); see also Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 21-22 (1983)(setting forth six-factor test to be used in determining propriety of a stay in favor of state proceedings); Colorado River Water Conservation Dist. v. U. S., 424 U.S. 800, 817-19 (1976). Here, there are no "extraordinary circumstances" that would justify abstention. As defendants themselves contend, the university's decision on plaintiff's grievance constitutes a "final decision," and plaintiff has also stated that he does not intend to seek a writ of mandate, further demonstrating the finality to be accorded the university's decision. Accordingly, no "concurrent state proceeding" is pending that would warrant abstention. Moreover, even if it the court were to construe the university's grievance proceedings as an ongoing concurrent state proceeding, the court does not find the foregoing six-factor test satisfied.

With respect to Younger abstention, that doctrine provides that federal courts may not enjoin or otherwise interfere with state judicial proceedings if they 1) are ongoing, 2) implicate an important state interest, and 3) provide the plaintiff with an adequate opportunity to litigate federal claims. Younger v. Harris, 401 U.S. 37 (1971); San Remo

5

Hotel v. City and County of San Francisco, 145 F.3d 1095, 1103 (9th Cir. 1998). Again, however, and as with the foregoing analysis, the court finds that the lack of an "ongoing" state proceeding prevents application of the doctrine to this case.

All of which compels the court to DENY defendants' motion to dismiss based on either Colorado River or Younger abstention principles

**IT IS SO ORDERED.**

Dated: January 21, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge